LOUISVILLE & NASHVILLE RAILROAD COMPANY, A CORPORA-
TION, *Plaintiff in Error*, v. JENNIE CALDWELL, *Defendant
in Error*.

Where the body of a brakeman is found between parallel tracks
of a railroad over which his own and another train had just
past, to authorize recovery of damages for his death, it must
first be shown that he was free from fault, that the railroad
company was negligent, or that he was killed by the other
train, and where the proof fails to disclose any of these, a
judgment for his widow will be reversed.

This case was decided by Division A.

Writ of Error to the Circuit Court for Escambia
County.

The facts in the case are stated in the opinion of the
court.

*Blount & Blount & Carter*, for Plaintiff in Error;

*Maxwell & Reeves*, for Defendant in Error.

COCKRELL, J.—Jennie Caldwell recovered judgment in
the Circuit Court for Escambia County against the Louis-
ville & Nashville Railroad Company in the sum of two
thousand dollars for the negligent killing of her husband,
Nathan Caldwell, an employee of said company.   The
declaration consists of two counts; in the first no refer-
ence is made to the employment and it is averred in gen-
eral language the killing to have been occasioned by the
careless and negligent running and operation of the en-
gine and train of cars of the company, and in the second
that Nathan while employed as brakeman in the perform-
ance of his duties stepped from the train upon the right of
way, which was so improperly and negligently con-
structed and maintained as to render the footing insecure
and to throw him against the train, causing his death.

No point is made upon the pleading, the issues now being only those raised by the pleas of not guilty and contributory negligence.

The facts going to show how the accident happened are exceedingly meagre. When last seen alive Nathan was standing upon the foot board of the engine of the train upon which he was engaged and a few minutes thereafter he was seen dead lying in the space between the double track, with two bruises upon his head and his teeth knocked out, following close upon the passage of another train of the company over the parallel track. All the evidence shows that both trains were moving slowly and we find nothing in the evidence, outside legal presumptions from which to impute negligence against the company.

The law of the case seems to be admitted by both sides, based upon the opinion in Florida Cent. & P. R. Co. v. Mooney, 40 Fla. 17; 24 South. Rep. 148, to the effect that if Nathan was killed by his own train the burden was upon his widow to show either that he was himself free from fault or that there was negligence on the part of a co-employee, whereas if the other train did the injury the burden would be upon the company to show the plaintiff was at fault or that its servants were not negligent, and it was upon this theory that the declaration was framed in the two counts.

As to the second count we have nothing from which we can say either that Nathan was free from fault or that the company or its agents were negligent. We place little stress upon the testimony that he was on the running board of the engine and not on the top of the box car where he should have been, but are more impressed by the failure of the evidence to show that his duty called him to get off the train at that point, his manner of doing so, or any negligence in the condition of the right of way there,

directly shown to have contributed to the injury. There is evidence that one might slip upon the right of way if "he stepped in the slag or something," but that it was in the usual condition of road-beds, but the difficulty in this case is lack of evidence that Nathan fell or slipped while on the right of way.

The chief contention, however, is that he was killed by the other train. Again we have nothing but surmise. The statute shifts the burden of proof to railroad company for damages to person, stock or property, caused by the running of the locomotive or cars or other machinery of such company, but before the statutory presumption arises it should first be reasonably made to appear that the damage was in fact done by the running of the locomotive or cars, not necessarily by an eye witness, but when indirect evidence is resorted to, it should be at least reasonably clear. Not only have we some uncertainty as to whether he was killed by the running of the train, but if we get beyond that point we are wholly unable to say which train killed him. His body was found midway between the two tracks, nine feet apart, slightly nearer the track of the other train; the engineer of the other train was promptly notified of the accident, made a thorough examination of his very dusty engine, discovering no evidences of any abrasion of dust and testified to a thorough lookout at the time of the accident.

It may be that upon a subsequent trial new evidence may be adduced from which something more tangible may appear, but we cannot sustain the judgment upon the record now before us.

Judgment reversed.

WHITFIELD, C. J., and SHACKLEFORD, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.

Petition for rehearing in this case denied.